## FORD v JOST TIRE SERVICE, INC

Ohio Appeals, 9th Dist, Summit Co

No 2018. Decided Jan 8, 1932

Rees, Bailey & McGinley, Akron, and D. W. Alexander, Akron, for plaintiff in error.

Rockwell, Grant, Thomas & Buckingham, Akron, for defendant in error.

should have anticipated that an accident was likely to occur.

We are clearly of the opinion that the trial court was in error in determining that, as a matter of law, the negligence of the defendant was not the proximate cause of such injuries; that was a question of fact for the determination of the jury under proper instructions of the court, and for that error the judgment will be reversed.

There was another element of damage claimed in the petition, which, as we stated at the hearing, the defendant is not liable for, and no evidence in reference thereto should be admitted upon the retrial of this cause.

PARDEE, PJ and FUNK, J, concur.

## SAUNDERS v VANZANT

Ohio Appeals, 1st Dist, Hamilton Co

No 2563.  Decided Nov 9, 1931

From the allegations of the petition in the instant case, it is apparent that it is claimed that in the usual course of things the wrongdoing of the defendant, of which complaint is made, actually and directly caused said injury to the plaintiff's car, and in deciding the question of law now before the court, we must assume that a jury might well find that to be a fact; and it seems to us that, if the defendant did the wrong complained of, the jury might well find also that the defendant might have reasonably contemplated or expected that injuries to plaintiff's car in the nature of those complained of were likely to follow such wrongful acts. It is not necessary that the defendant should have anticipated the particular manner in which the accident was caused, but it is sufficient if it